**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD M. ANDRULEWICZ, | ) | |
| | ) | Civil Action No. 2: 13-cv-0429 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | United States District Judge |
| | ) | Mark R. Hornak |
| STEVEN GLUNT,[1] et al., | ) | |
| | ) | United States Magistrate Judge |
| Respondents. | ) | Cynthia Reed Eddy |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.    REPORT**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Richard M. Andrulewicz, a state prisoner incarcerated at the State Correctional Institution at Rockview, Pennsylvania.  He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Washington County, Pennsylvania, imposed at Case Nos. 954-2004, 966-2004, and 967-2004.   For the reasons that follow, it is recommended that the Petition be denied.

A.    Factual and Procedural History

The record reflects the following relevant facts and procedural history:   Between August 1, 2003, and December 31, 2003, Petitioner was alleged to have committed various sex offenses

---

1  Warden Steven Glunt is substituted for former Warden Marirosa Lamas, an original party to the case.  See Fed.R.Civ.P. 25(d).

on three (3) separate minor females in Washington County, Pennsylvania. (Opinion Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), ECF No. 4-1, page 64). Petitioner pleaded not guilty to these charges. Following a jury trial, after the consolidation of the charges, Petitioner was convicted of the following charges:

a.    Case 965-2004: (1) sexual assault; (2) corruption of minors; (3) indecent assault (lack of consent); (4) indecent exposure;

b.    Case 966-2004: (1) criminal attempt involuntary deviate sexual intercourse; (2) indecent assault (without consent); (3) indecent assault (person less than thirteen (13) years of age); (4) indecent exposure (person less than sixteen (16) years of age present), and (5) corruption of minors; and

c.    Case 967-2004: (1) corruption of minors.

(ECF No. 35-Superior Court decision, at 2).

On March 1, 2005, Petitioner was sentenced to three terms of incarceration to run consecutively, one for 11 to 22 years, one for 11.5 to 23 years, and one for 1.5 to 3 years. *Id*. at 65. The court also found that Petitioner met the criteria of a "sexually violent predator" under Pennsylvania's Megan's law, and imposed the corresponding sanctions under the terms of Megan's Law. *Id*. After ruling on Post-Sentence Motions, on July 7, 2005, the court amended the sentence to an aggregate sentence of 21.5 to 43 years of incarceration based on Petitioner's claim that the sentence on the charge of sexual assault was excessive. *Id*.

Petitioner filed a timely appeal with the Superior Court on July 15, 2005, in which he raised ten (10) claims for appellate review. The first three (3) claims on direct appeal concerned the trial court's denial of Petitioner's motion for judgment of acquittal with respect to various charges. The Superior Court rejected these arguments after reviewing the testimony of the

victims and applying the appropriate standard of appellate review. Petitioner's fourth claim on direct appeal alleged that the Commonwealth committed prosecutorial misconduct during closing argument by vouching for the credibility and veracity of the Commonwealth's witnesses. The Superior Court refused to review this claim, finding that trial counsel failed to object during trial resulting in waiver.

Petitioner's fifth claim on direct appeal alleged that the trial court erred in consolidating the three (3) cases for purposes of trial. The Superior Court found that the trial court did not abuse its discretion in this regard as the similarities in the details of each of the crimes was present to satisfy the requirements of consolidation. The Superior Court also found that the jury could readily separate the evidence so as to avoid confusion or unfair prejudice to the defendant.

Petitioner's sixth claim on appeal concerned the trial court's denial of his postsentence motion for judgment of acquittal based upon the weight of the evidence. The Superior Court denied this claim.

The following four (4) additional claims were raised on direct appeal but were deemed waived by the Superior Court because Petitioner failed to abide by Rule 2116 of the Pennsylvania Rules of Appellate Procedure, which requires an appellant to place all of the issues to be raised on appeal on a singular page: (7) the denial of petitioner's postsentence motion for new trial based on the weight of the evidence due to inconsistencies in the testimony of the victim; (8) the denial of the petitioner's postsentence motion for new trial based upon ineffective assistance of counsel; (9) denial of petitioner's postsentence motion to modify the sentence; and (10) the trial court's determination that the petitioner be classified as a sexually violent predator.

Petitioner sought allowance of appeal with the Pennsylvania Supreme Court, which was denied by Order entered June 6, 2007. See Commonwealth v. Andrulewicz, 926 A.2d 972 (Pa. 2007) (table).

On August 20, 2008, Petitioner filed a pro se Post Conviction Relief Act ("PCRA") Petition raising thirteen (13) grounds for relief. On September 22, 2008, the PCRA court entered an order dismissing the petition on the grounds that it was filed untimely. After further review, the PCRA Court vacated that Order and appointed Petitioner counsel to review the issues raised by the Petitioner under the PCRA. Appointed counsel filed a no-merit letter determining that the pro se petition was untimely filed. Having already found the petition was, in fact, timely, the PCRA court appointed new counsel who filed a no-merit letter on March 28, 2011. On July 15, 2011, the PCRA court issued a Notice of Intent to Dismiss the PCRA Petition. On August 15, 2011, the PCRA court dismissed all of the claims in the PCRA petition.

Petitioner filed a timely appeal of that decision to the Superior Court, raising ten (10) issues for appellate review. The issues raised on appeal of the PCRA denial were as follows: (1) the trial court erred in denying Defendant the ability to confront and challenge the credibility of witnesses; (2) the trial court gave the jury an improper instruction on the charge of sexual assault; (3) the Commonwealth engaged in prosecutorial misconduct when it breached its agreement to sever the cases thereby violating Rule 600 of the Pennsylvania Rules of Criminal Procedure; (4) the Commonwealth engaged in prosecutorial misconduct when it failed to disclose exculpatory evidence; (5) the Commonwealth engaged in prosecutorial misconduct during its closing argument; (6) the Commonwealth engaged in prosecutorial misconduct by "bootstrapping" the three consolidated cases; (7) direct appeal counsel was ineffective for failing to preserve his weight of the evidence claim; (8) the trial court erred with respect to discretionary

aspects of sentencing; (9) trial counsel was ineffective for six reasons; and (10) direct appeal counsel was ineffective for failing to follow Pa.R.A.P 2116(a), which resulted in a waiver of four issues on appeal.

By Memorandum Opinion of July 9, 2012, the Pennsylvania Superior Court affirmed the denial of the PCRA petition. More specifically, the appellate court found that Issues 1, 2, and 4 were waived because they should have been raised on direct appeal; that Issues 3, 5, and 6 were previously litigated and therefore barred from further for review under the PCRA; that Issue 7 was properly denied because the underlying weight of the evidence claim lacked arguable merit; that Issue 8 was properly denied because the underlying discretionary sentencing claim lacked arguable merit; that Issue 9 was properly denied because Petitioner's claims lacked merit or because he did not demonstrate that he suffered prejudice; and Issue 10 was properly denied because these claims would have failed on direct appeal thereby negating prejudice.

Petitioner did not seek allowance of appeal to the Supreme Court of Pennsylvania with respect to the Superior Court decision of July 9, 2012. (ECF No. 4, page 5; ECF No. 18, page 9).

Petitioner now brings the instant timely Petition for Writ of Habeas Corpus, wherein he raises the following ten (10) claims (ECF No. 4):

> 1. Trial court erred in denying Petitioner the right to challenge the credibility of alleged victims/witnesses.
>
> 2. Trial court erred in giving an improper jury instruction on the charge of Sexual Assault.
>
> 3. Prosecutorial misconduct by breaching agreement and violation of Rule 600.
>
> 4. Prosecutorial misconduct for failing to disclose exculpatory evidence.
>
> 5. Prosecutorial misconduct during closing argument.

6. Prosecutorial misconduct by joining all three cases for trial.

7. Trial court erred in denying petitioner's post-sentence motion for new trial based on the weight of the evidence.

8. Trial Court erred with respect to the discretionary aspects of sentencing.

9. Ineffective Assistance of trial counsel in six (6) various aspects; and

10. Ineffective assistance of appellate counsel.

(ECF No. 4, pages 1-15).

Respondent filed an Answer in which he argues that Petitioner is not entitled to relief. Petitioner filed a Response (ECF No. 20). See Local Rule 2254(E)(2) (a petitioner "may file a reply … within 30 days of the date the respondent files its answer."). The matter is ripe for disposition.

B.    Standard of Review

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). Under this statute, habeas relief is only available on the grounds that Petitioner's judgment of sentence was obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). Errors of state law are not cognizable. See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.' ") (quoting Estelle v. McGuire, 502 U.S. 62, 67–68 (1991)). See also Real v. Shannon, 600 F.3d 302, 309–10 (3d Cir. 2010).

AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given

effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). It "requires federal courts collaterally reviewing state proceedings to afford considerable deference to state courts' legal and factual determinations." Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004). As codified at 28 U.S.C. § 2254(d), AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to,[2] or involved an unreasonable application of,[3] clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an *unreasonable determination of the facts in light of the evidence presented in the State court proceeding*.

(emphasis added).

---

[2] "The test for § 2254(d)(1)'s 'contrary to' clause is whether the state court decision 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result.' Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams v. Taylor, 529 U.S. 362, 405 (2000), and Woodford v. Visciotti, 537 U.S. 19, 24–25 (2002)). Of course, a state court's resolution of a question that the Supreme Court has not resolved can be neither contrary to, nor an unreasonable application of, the Court's precedent. See Kane v. Garcia Espitia, 546 U.S. 9 (2005)." Rountree v. Balicki, 640 F.3d 530, 537 (3d Cir. 2011) (bracketed text in original) (parallel citations omitted).

[3] "The test for § 2254(d)(1)'s 'unreasonable application of' clause is as follows: '[a]n 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case.' Rompilla v. Beard, 545 U.S. 374, 380 (2005) (quoting Wiggins v. Smith, 539 U.S. 510, 519, 520 (2003)). For purposes of § 2254(d)(1), '[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous.' Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal quotations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' Id. at 75–76 (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000)). Rather, '[t]he state court's application of clearly established law must be objectively unreasonable' before a federal court may grant the writ. Andrade, 538 U.S. at 75." Rountree, 640 F.3d at 537.

Importantly, regardless of whether a state court has adjudicated a claim on the merits so as to invoke review under the standard set forth in § 2254(d), a federal habeas court must presume that all of the state court's factual findings are correct unless the presumption is rebutted by clear and convincing evidence. See, e.g., Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010) (citing 28 U.S.C. § 2254(e)(1)). See also Weeks v. Snyder, 219 F.3d 245, 259 (3d Cir. 2000) (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983), for the proposition that habeas review does not permit a federal court to redetermine the credibility of witnesses whose demeanor has been observed by the state court); Miller–El v. Cockrell, 537 U.S. 322, 339–41 (2003).

C.    Exhaustion Requirement

The United States Court of Appeals for the Third Circuit has explained, "[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). Specifically, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999). The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert, 134 F.3d at 513.

This exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan, 526 U.S. at 842–49. The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th

> Judicial Circuit Court of Kentucky, 410 U.S. 484, 490–491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886) ]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. See, e.g ., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b)); O'Sullivan, 526 U.S. at 848. See also Brian Means, Federal Habeas Manual § 9C:17 (2013), available at Westlaw FEDHABMAN. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court and then to the Superior Court either on direct or PCRA appeal.[4] See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233–34 (3d Cir. 2004).

---

[4] On May 9, 2000, the Pennsylvania Supreme Court issued In re: Exhaustion of State Remedies in Criminal and Post Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 ("Order 218"). It provides that state prisoners on direct appeal of a criminal case or in a PCRA proceeding need not file a PAA with the Pennsylvania Supreme Court after the Superior Court denies a claim in order to exhaust it for the purposes of subsequent federal habeas review. In Lambert v. Blackwell, 387 F.3d 210, 231–234 (3d Cir. 2004), the Court of Appeals for the Third Circuit held that Order 218 was sufficient to render discretionary review before the Pennsylvania Supreme Court "unavailable" to state prisoners on direct appeal and in a PCRA appeal. Therefore, a Pennsylvania state prisoner challenging his judgment of sentence need only show that he presented his federal habeas claims to the Superior Court. Order 218 does not

Federal Habeas Manual § 9C:17.

D.     Procedural Default Doctrine

Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162–69.

A petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, i.e., that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; Martinez v. Ryan, –— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012); Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). A petitioner may also overcome a procedural default of a claim if he can demonstrate a "miscarriage of justice." This exception provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error [.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id.; Hubbard, 378 F.3d at 339–40.

---

encompass decisions of the Commonwealth Court. Williams v. Wynder, 232 F. App'x 177, 179–81 (3d Cir. 2007) (concluding that the Pennsylvania Supreme Court's Order 218 does not apply to decisions issued by the Commonwealth Court and that "the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court").

A state court's indication of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a non-federal ground adequate to support the judgment and the rule is firmly established and consistently followed. Martinez v. Ryan, __U.S. __, 132 S.Ct. 1309, 1316 (2012).

E.    Discussion

Petitioner raises ten (10) claims for relief in his Petition. Each claim will be analyzed in seriatim.

Claim One - Trial court erred in denying Petitioner the right to challenge the credibility of the alleged victims/witnesses.

Respondent argues that this claim is subject to exhaustion and procedural default bars. The Court finds that Respondent is correct. Petitioner did not raise this issue on direct appeal to the Pennsylvania Superior Court. He did, however, present the issue in his PCRA Petition. Both the PCRA Court and the Pennsylvania Superior Court found that the issue was subject to waiver because it could have (and should have) been raised on direct appeal to the Superior Court and was not.

The Court finds that the claim fails the exhaustion and procedural default requirement for habeas review. The issue was not fairly presented to the state court on direct appeal and, thus, the PCRA Court was procedurally barred from a merits review. Furthermore, the Court finds that Petitioner has failed to adequately show, under Coleman, either "cause" or "actual prejudice," nor does he sufficiently show that this Court's refusal to reach the merits on this claim will cause a "fundamental miscarriage of justice." 501 U.S. at 750. Accordingly, the Court finds that Petitioner has provided no basis to overcome the default.

Claim Two - Trial court erred in giving an improper jury instruction on the charge of Sexual Assault.

Respondent argues that this claim likewise is subject to exhaustion and procedural default bars. The Court finds that Respondent is correct. Petitioner did not raise this issue on direct appeal to the Pennsylvania Superior Court. He did, however, present the issue in his PCRA Petition. Both the PCRA Court and the Pennsylvania Superior Court found that the issue was subject to waiver because he failed to challenge the instruction on direct appeal and such waiver barred merits review of the issue.

The Court finds that the claim fails the exhaustion and procedural default requirements for habeas review. The issue was not fairly presented to the state court on direct appeal and, thus, the PCRA Court was procedurally barred from a merits review. Furthermore, the Court finds that Petitioner has failed to adequately show, under Coleman, either "cause" or "actual prejudice," nor does he sufficiently show that this Court's refusal to reach the merits on this claim will cause a "fundamental miscarriage of justice." 501 U.S. at 750. Accordingly, the Court finds that Petitioner has provided no basis to overcome the default.

Claim Three - Prosecutorial misconduct by breaching agreement and violating Rule 600.

Respondent argues this claim is subject to denial on several grounds. Petitioner claims that he waived his right to a speedy trial under Pennsylvania Rule of Criminal Procedure 600 under the terms of an agreement with the Commonwealth wherein the Commonwealth would not seek joinder of his three criminal cases provided the trial took place on or before September 22, 2004. Because the trial did not take place on or before that date, the Commonwealth sought, and the trial court permitted, the cases to be joined. Petitioner claims that his Rule 600 rights were violated by the Commonwealth's breach of that agreement.

A <u>portion</u> of this claim was presented to the Pennsylvania Superior Court on direct appeal. The Superior Court found that proceeding to trial on September 22, 2004,[5] was a condition precedent to the agreement and because the trial did not take place on September 22, 2004, the trial court did not abuse its discretion by consolidating the three cases.

Because the Superior Court rejected this portion of the claim on the merits, this Court's analysis of the claim is governed by the AEDPA standard of review. Thus, it is not for this Court to decide whether the Superior Court's decision was right or wrong. Rather, this Court would have the authority to issue the writ of habeas corpus only if the Superior Court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d)(1) and (2).

Respondent argues that the findings of the Superior Court are entitled to a presumption of correctness and clearly demonstrate that Petitioner's allegation does not provide a basis for relief. 28 U.S.C. §2254(e)(1). The habeas statute requires that this Court presume as correct any state court fact-findings unless the petitioner can show by clear and convincing evidence that this factual finding was erroneous. <u>Id.</u> This principle applies to state court factual findings made both by the trial court and state appellate courts. <u>Rolan v. Vaughn</u>, 445 F. 3d 671 (3d Cir. 2006).

The Court finds that the state court's resolution of Petitioner's claim is presumed to be correct under 28 U.S.C. §2254(e)(1). Petitioner has not met his burden of rebutting this presumption of correctness by clear and convincing evidence.

_____

5 According to the record, on September 22, 2004, Western Pennsylvania was recovering from severe flooding throughout the region, which resulted in flood issues for the victims' families.

Furthermore, Petitioner did <u>not</u> present the issue of whether there was a violation of Pennsylvania Rule 600 to the Superior Court on direct appeal and therefore, this claim is barred under the principles of exhaustion and procedural default. Assuming *arguendo* that it had been presented, the claim would not be subject to federal review as the matter is strictly one of state law.

<u>Claim Four - Prosecutorial misconduct for failing to disclose exculpatory evidence</u>.

As with claims One and Two, Respondent argues that this claim is subject to both exhaustion and procedural default bars. The Court finds that Respondent is correct. Petitioner did not raise this issue on direct appeal to the Pennsylvania Superior Court. He did, however, present the issue in his PCRA Petition. Both the PCRA Court and the Pennsylvania Superior Court found that the issue was subject to waiver under 42 Pa.C.S §§ 9543, 9544.

The Court finds that the claim fails the exhaustion and procedural default requirement for habeas review. The issue was not fairly presented to the Superior court on direct appeal and, thus, the PCRA Court was procedurally barred from a merits review. Furthermore, the Court finds that Petitioner has failed to adequately show, under <u>Coleman</u>, either "cause" or "actual prejudice," nor does he sufficiently show that this Court's refusal to reach the merits on this claim will cause a "fundamental miscarriage of justice." 501 U.S. at 750. Accordingly, the Court finds that Petitioner has provided no basis to overcome the default.

<u>Claim Five - Prosecutorial misconduct during closing argument.</u>

This issue was presented to the Pennsylvania Superior Court on direct appeal. The Superior Court found, however, that trial counsel failed to object to the complained of statements and, therefore, the challenge was waived on appeal. Petitioner raised the claim again in his PCRA petition in the PCRA Court as well as the Superior Court. The courts refused to review

the merits of the claim on the grounds that merits review was barred under the "previous litigation" bar to PCRA review.[6]  Accordingly, the issue is barred by exhaustion and procedural default.

Furthermore, the Court notes that the Trial Court analyzed this claim on the grounds of state law. However, the Court finds that this claim fails under federal law as well. When analyzing the claim of prosecutorial misconduct, the issue is whether a state prosecutor's comments to the jury "so infect[ed] the trial with unfairness as to make the resulting conviction of a denial of due process."  Greer v. Miller, 483 U.S. 756, 765 (1987); see also Moore v. Morton, 255 F.3d 95, 107 (3d Cir. 2001) (the "reviewing court must examine the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the Condor, the effect of the curative instructions, and the quantum of evidence against the defendant.") After a review of the record, the Court finds that Petitioner's claim fails to meet this high burden and should be denied.

Claim Six - Prosecutorial misconduct by joining all three cases for trial.

Respondent argues that the decision of the trial court to permit consolidation, and the decision of the Superior Court to affirm the trial court, is a decision that was based entirely upon state law. Petitioner did not allege to the trial court, the Superior Court on direct appeal, or the PCRA court, that the consolidation in some way violated his rights under federal law. Accordingly, the claim is not subject to federal review as the matter is strictly one of state law.

---

[6]  42 Pa. Cons. Stat. Ann.  §§ 9544(2) states that an issue is considered previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue . . . ."

Claim Seven - Trial court erred in denying petitioner's post-sentence motion for new trial based on the weight of the evidence.

The record reflects that Petitioner attempted to present this issue to the Pennsylvania Superior Court on direct appeal. However, the Superior Court refused to entertain the merits, finding that the issue was waived due to Petitioner's failure to comply with Rule 2116 of the Pennsylvania Rules of Appellate Procedure. Petitioner did not present this same issue in his PCRA petition.

The Court finds that the claim fails the exhaustion and procedural default requirements for habeas review. Furthermore, the Court finds that Petitioner has failed to adequately show, under Coleman, either "cause" or "actual prejudice," nor does he sufficiently show that this Court's refusal to reach the merits on this claim will cause a "fundamental miscarriage of justice." 501 U.S. at 750. Accordingly, the Court finds that Petitioner has provided no basis to overcome the default.

Claim Eight - Trial Court erred with respect to the discretionary aspects of sentencing.

In this claim, Petitioner argues that the sentencing court abused its discretion when it sentenced him to consecutive terms of imprisonment in "such a way as to impose a punishment that is essentially a life sentence and is a manifestly excessive sentence under the circumstances of the case."

The Court finds that this is not a cognizable claim in a federal habeas corpus. Alleged defects in the  state court's sentencing procedure constitute state law claims and do not provide a ground for federal habeas corpus relief. See Pringle v. The Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984). Sentencing complaints such as those that involve excessiveness sound in state law and are not cognizable herein. Sentencing is a matter of state criminal procedure and

so long as the sentence imposed falls within the statutory boundaries, it does not implicate federal constitutional issues. See McNeil v. Dillman, 2014 WL 2862255 (E.D.Pa. 2014) (collecting cases). The application of state law results in a violation of due process only if the sentence is arbitrary and capricious. See Richmond v. Lewis, 506 U.S. 40, 50 (1992). Such is not the case here.

The PCRA Court found this claim lacked arguable merit as the sentences imposed neither exceeded statutory limits nor demonstrated excessiveness. The PCRA Court explained that the victims' ages and Petitioner's repeated exploitation of a position of trust merited an aggregate sentence. The Superior Court adopted the reasoning of the PCRA Court's opinion and dismissed the claim. The state court's determination does not violate Petitioner's due process rights. Federal habeas corpus review of petitioner sentence, therefore, is not appropriate and this claim should be denied.

<u>Claim Nine - Ineffective Assistance of trial counsel.</u>

Petitioner contends that his trial counsel was ineffective in (1) failing to investigate and present evidence concerning prior allegations of sexual abuse against alleged victims by other perpetrators; (2) failing to object to certain discovery; (3) failing to object to the Commonwealth's closing argument; (4) failing to call two (2) witnesses necessary to his defense; (5) failing to subpoena the phone records of the Defendant and his mother; and (6) subpoenaing witnesses who greatly prejudiced his defense. (ECF No. 4, at 108, n. 2.) Petitioner attempted to raise ineffective assistance of trial counsel on direct appeal. As with claims seven and eight, the Superior Court found that the issue was waived due to a violation of Rule 2116 of the Pennsylvania Rules of Appellate Procedure. Petitioner again raised ineffective assistance of his

trial counsel in his PCRA petition. He raised the same six (6) underlining basis for the ineffective assistance.

The clearly established federal law with respect to a claim of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires (a) that counsel's performance fall below an objective standard of reasonableness, and also (b) that the petitioner suffer prejudice as a result of counsel's error. The Pennsylvania standard for ineffective assistance of counsel is identical to the federal standard. Boyd v. Waymart, 579 F.3d 330, 334 (3d Cir. 2009).

In analyzing Petitioner's claims under the two-part test announced in Strickland, this Court must apply the standards set forth in section 2254(e) concerning the presumption of correctness applicable to state court factual findings. The question of effectiveness of counsel under Strickland is a mixed question of law and fact; it requires the application of a legal standard to the historical, fact determinations. Berryman v. Morton, 100 F.3d 1089, 1095 (3d Cir. 1996).

The Supreme Court of the United States recently reiterated the difficulty of prevailing on an ineffectiveness claim on habeas review.

> The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.

Harrington v. Richter, ⸺ U.S. ⸺, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011) (internal quotations and citations omitted). The Court further instructed:

Surmounting Strickland's high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with adversary process the right to counsel is meant to serve. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington, 131 S.Ct. at 788 (internal quotations and citations omitted).

The PCRA court found that Petitioner failed to plead and prove by a preponderance of the evidence that the alleged shortcomings of his trial counsel amounted to ineffective assistance of counsel. Specifically, the PCRA court found the following:

The first three instances of alleged ineffectiveness all failed to entirely satisfy the three-pronged test set forth in [Com. v Pierce, 527 A.2d 973 (Pa. 1987)].7 The first allegation fails as the evidence Petitioner would have his trial counsel offer would be excluded under the Rape Shield Law, and therefore fails the first prong. . . . The contention relative to discovery violations by the Commonwealth also fails the first prong, as there are no alleged discovery violations in the record.

Defendant's third allegation also fails to meet the standard of Pierce. The specific actions with which the defendant takes issue revolve around Assistant

---

[7] Under Pierce, to establish counsel's ineffectiveness, a petitioner must establish: (1) that the claim has arguable merit, (2) that counsel lacked a reasonable basis for his or her chosen course, and (3) that the petitioner was prejudiced thereby, i.e., that there is a reasonable probability that the outcome of the proceedings in which counsel was the attorney of record would have been different.

District Attorney McDonald's closing argument. At various points during her closing, Ms. McDonald said the victims all testified truthfully. . . . All of the comments by the Commonwealth merely represented a recounting of the victim's testimony for the jurors and argument that their testimony painted a true picture of the facts.

The fourth allegation, regarding trial counsel's failure to call a witness, requires examination of Commonwealth v. Meadows, wherein the Supreme Court set forth the requirements that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the witness' existences or should have known of the same; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of the testimony prejudiced the defendant. 787 A.2d 312 (2001). As it related to the potential witness Michelle Canzonieri, . . . [she] was not available to testify. Trial counsel was not aware of Vicki Malcolm.

As to the last two claims, petitioner fails to adequately allege all three necessary elements to form a claim of ineffective assistance of counsel by trial counsel. There is no indication of what prejudice petitioner suffered, which witnesses he refers to, or what the alleged phone records would have proven. Because of the failure to provide sufficient information and allegations to meet the requirements of a claim of ineffective assistance of counsel, these claims must fail.

(ECF No. 4 at 77-79.)

In deciding Petitioner's claims, it is clear that the PCRA court applied the correct standard for ineffective assistance of counsel. Clearly, therefore, the law applied by the Commonwealth was not contrary to the federal law.

Furthermore, the PCRA court's determination, as affirmed by the Pennsylvania Superior Court, is a finding of fact presumed to be correct under 28 U.S.C. § 2254(e)(1). Petitioner has failed to rebut this presumption by clear and convincing evidence. Therefore, it is recommended that this claim be denied.

Claim Ten -  Ineffective assistance of appellate counsel.

In his tenth and final claim, Petitioner argues that his appellate counsel was ineffective in failing to conform his concise statement of matters complained of on direct appeal to Rule 2116,

which resulted in a waiver of those issues. Petitioner presented this claim in his PCRA petition and the PCRA court, as well as the Superior Court, found that the issue lacked merit.

While both the PCRA court and Superior Court acknowledged, that appellate counsel was ineffective, both courts found that Petitioner did not suffer any prejudice as a result of the ineffectiveness. As the PCRA court explained, and affirmed by the Superior Court:

> In order to meet the merits prong as to appellate counsel's ineffectiveness, petitioner must argue and prove all three prongs of an ineffectiveness claim regarding trial counsel. See [Commonwealth v. Birdsong, 24 A.3d 319 (Pa. 2011)]. The three-pronged test requires defendant to show: (1) that the claim has arguable merit; (2) counsel had no reasonable basis for his action or omission, and (3) that the defendant was prejudiced by counsel's conduct. Collins, 585 Pa. at 58, n. 7. Petitioner's claim fails in this instance because Petitioner is unable to show prejudice suffered due to appellate counsel's ineffectiveness. *More specifically, while Petitioner is able to show that Appellate Counsel was ineffective, his claim that Trial Counsel was also ineffective lacks substantive merit. Therefore, petitioner suffered no prejudice as a result of the procedural waiver of his original claim of trial counsel's ineffectiveness.*

(ECF No. 4 at 77, emphasis added.)

Again, the Court must presume these factual findings to be correct because Petitioner has not met his burden of rebutting this presumption of correctness by clear and convincing evidence. Therefore this claim should be denied.

E.    Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. 2254(c)(2). Here, the record fails to show a violation of Petitioner's constitutional rights. Accordingly, a certificate of appealability should be denied.

## III.    <u>CONCLUSION</u>

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied.  It is further recommended that there is no basis upon which to grant a certificate of appealability.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. '636(b)(1)(B) & (C)] and the Local Rules of Court, the parties shall have until **September 22, 2014** to file written objections thereto.  Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.


Dated: September 4, 2014

<u>s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc:    RICHARD M. ANDRULEWICZ
       GD-3293
       SCI-Rockview
       Box A
       Bellefonte, PA 16823
       (via First Class Mail)

       Jerome A. Moschetta
       Washington County District Attorney's Office
       (via CM/ECF electronic notification)