# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD M. ANDRULEWICZ, | ) |
| | ) Civil Action No. 2: 13-cv-0429 |
| Petitioner, | ) |
| | ) |
| v. | ) United States District Judge |
| | ) Mark R. Hornak |
| STEVEN GLUNT and THE ATTORNEY | ) |
| GENERAL OF THE STATE OF | ) |
| PENNSYLVANIA, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

The petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, was filed on or around April 24, 2013, and was referred to United States Magistrate Judge Cynthia Reed Eddy for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges.

On September 4, 2014, the magistrate judge issued a Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied (ECF No. 21). Petitioner was served with the Report and Recommendation at his listed address and was advised that he had until September 22, 2014, to file written objections to the Report and Recommendation. To date, Petitioner has not filed any objections nor has he sought an extension of time in which to do so.

The Court is in agreement with the conclusion of the Report and Recommendation, but finds it necessary to supplement the analysis addressing Claim Seven of the Petition. In that claim,

1

Petitioner contends that the trial judge erred in denying his post-sentence motion for new trial based on the weight of the evidence in light of inconsistent testimony from the witnesses. Petitioner attempted to present this matter to the Pennsylvania Superior Court on direct appeal. The Superior Court refused to entertain the merits of the matter, finding that the issue was waived due to Petitioner's failure to comply with Rule 2116 of the Pennsylvania Rules of Appellate Procedure. Specifically, the Superior Court noted the following:

> As a prefatory matter, we note that Appellant's Statement of Questions Involved does not conform to the requirements of Pa.R.A.P. 2116. This rule states, in pertinent part, that such Statement "should not ordinarily exceed 15 lines, **must never** exceed one page, and must always be on a separate page, without any other matter appearing thereon. This rule is to be considered in the highest degree mandatory, admitted of no exception . . . ." Pa.R.A.P. 2116(a) (emphasis added). Herein, Appellant's Statement clearly exceeds 15 lines and encompasses 2 pages. See Appellant's Brief at 10-11. In the discussion infra, we will address the six questions for review set forth on the first page of Appellant's statement.

*Com. v. Andrulewicz*, 911 A.2d 162, n.7 (Pa. Super. 2006). Petitioner did not present this same issue in his PCRA Petition. Respondents argue that this issue does not warrant merits review because it is barred under the exhaustion and procedural default bars to federal habeas review and that Petitioner did not present any exception to these bars which would warrant merits review.

The Magistrate Judge agreed with the Respondents and recommended that Claim Seven be denied because the exhaustion and procedural default requirements had not been met as the issue had been waived pursuant to Rule 2116. After a careful review, the Court disagrees and finds that Claim Seven was not procedurally defaulted and should, therefore, be reviewed *de novo*. However, even under a *de novo* review, Claim Seven of the instant Petition will be denied.

In 2010, the United States Court of Appeals for the Third Circuit, in an unpublished decision, held that "Rule 2116(a) is not 'adequate' because it is not 'regularly followed.'" *Nolan v. Wynder*, 363 F. App'x 868, 872 (3d Cir. 2010) (quoting *Szuchon v. Lehman*, 273 F.3d 299, 325 (3d Cir. 2001)). In *Nolan*, the Pennsylvania Superior Court addressed the merits of only four of the petitioner's claims on appeal of the decision of the PCRA court because the petitioner's statement of questions involved was three pages long, in direct violation of Rule 2116(a). *Id.* at 870. The petitioner subsequently filed a petition for a federal writ of habeas corpus. *Id.* The district court concluded that the claims not addressed by the Superior Court "were procedurally defaulted due to [the petitioner's] failure to adequately present them to the Superior Court in accordance with Rule 2116(a)." *Id.* at 871.

The Court of Appeals vacated the district court's decision because "case law demonstrates that Pennsylvania courts prior to [the petitioner's] purported procedural default routinely addressed the substantive merits of claims despite a party's failure to comply with the mandatory page limitation imposed by Rule 2116(a)." *Id.* at 871–72 (citations omitted). Indeed, in the case at bar, since Petitioner's PCRA appeal was denied, the Superior Court has acknowledged that "while this Court has the authority to sanction an appellant who violates Rule 2116(a), the authority is typically not exercised, absent pervasive non-compliance with the Rules of Appellate Procedure." *Silver v. Pinksey*, 981 A.2d 284, 291 n. 4 (Pa. Super. 2009).[1]

---

1 The Court notes that the 2013 amendments to Rule 2116 eliminated the page limit for the Statement of Questions involved.

Based on *Nolan* and the foregoing Pennsylvania case law, the Court finds that at the time Petitioner filed his appeal, Rule 2116(a) was not "adequate" because it was not "regularly followed," and, thus Claim Seven should be afforded a merits review. *Wilson v. Beard*, 589 F.3d 651, 658 (3d Cir. 2009). However, as explained *infra*, Claim Seven will nevertheless be denied under this standard of review as it fails to set forth a cognizable claim for relief.

A petitioner's challenge to the weight of the evidence is not a cognizable ground for federal habeas corpus relief because it does not claim a constitutional violation. *See Tibbs v. Florida*, 457 U.S. 31, 37–38 (1982) (weight of the evidence claim raises questions of credibility; it is different from a claim that the evidence was insufficient to support the conviction); *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) (state courts' credibility determinations are binding on federal court); *Weeks v. Snyder*, 219 F.3d 245, 258 (3d Cir. 2000) (same). A weight of the evidence claim challenges "issues of credibility," arguing that "a greater amount of credible evidence supports one side of an issue or cause than another." *Id.* at 38–39. Federal courts, however, are precluded from re-evaluating the credibility of witnesses on habeas corpus review. *Longberger*, 459 U.S. at 434–35. Accordingly, a claim that a trial court decision was against the weight of the evidence is not a valid basis for habeas corpus review.

In the instant case, Petitioner is arguing that the trial court erred in denying his post-sentence motion for new trial based on the weight of the evidence in light of inconsistent testimony from the victims. This argument sounds entirely in the reasonableness of the verdict based on issues of

credibility, which is purely a state law claim that is distinct from a federal due process claim, and as such, it is not a claim that is cognizable in federal habeas corpus.[2]

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 28th day of October, 2014:

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 21) is **ADOPTED** as the Opinion of the Court as supplemented herein.[3]

---

[2] The Court notes that the record reflects that the trial court considered and rejected Petitioner's Post-Sentence Motion regarding the weight of the evidence as follows:

> **The evidence against Petitioner was overwhelming.** The victims testified in graphic detail of the circumstances which led to convictions at all three case numbers. Their testimony was corroborated by additional witnesses including a police officer and social worker.
>
> While a trial court can merely speculate as to the reasoning behind a jury's decision, there is evidence in this case that the Jury meticulously considered the details of each charge. After deliberations, the Jury found Defendant guilty of some charges, while not guilty of others. This indicates that the deliberations went beyond a mere instinctual reaction to the charges. The Jury analyzed the evidence presented and returned a verdict consistent with the credible testimony of record. There is nothing in the record that shocks the sense of justice; there is no merit to Defendant's claim that the Jury's verdict was against the weight of the evidence, and therefore, petitioner suffered no prejudice from the waiver.

(ECF No. 1-2, at 73) (emphasis added).

[3] The Court also notes that the quotation on Page 15 of the Report and Recommendation from *Moore v. Morton*, 255 F.3d 95, 107 (3d Cir. 2001), should be corrected to read as follows: the "reviewing court must examine the prosecutor's offensive actions in context and in light of

5

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

BY THE COURT:

_____
Mark R. Hornak
United States District Judge

cc: RICHARD M. ANDRULEWICZ
GD-3293
SCI Rockview
Box A
Bellefonte, PA 16823
(via U.S. First Class Mail)

Jerome A. Moschetta
Washington County District Attorney's Office
(via CM/ECF electronic notification)

---

the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant.")